UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MARK EVANS )
 )
v. ) NO. 2:07-CV-45
 )
COCKE COUNTY SHERIFF'S DEP'T, )
SHERIFF D. C. RAMSEY, JOHN )
DOE, and JANE DOE )

## MEMORANDUM and ORDER

This is a *pro se* civil rights action under 42 U.S.C. § 1983, brought by plaintiff Mark Evans, who was then a prisoner in a Middle Tennessee state prison.[1] Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. (Doc. 1).

In his complaint, plaintiff alleges that he was denied medical treatment and medications for kidney stones while he was incarcerated in the Cocke County jail. More specifically, plaintiff maintains that on August 19, 2005, he was diagnosed as having active kidney stones, was given antibiotic, anti-inflammatory, and pain medications, and was advised to consult a urologist as soon as possible. Two days later, he was arrested and booked into the Cocke County jail. During the booking procedure, his medications were seized. Plaintiff told three jailers that he was passing blood and having severe back pain due to an active kidney stone.

---

[1] Plaintiff has been released from confinement. (Doc. 5).

During the following weeks, in an effort to obtain his medications and to have arrangements made to take him to consult a urologist, plaintiff filed multiple requests for medical care and institutional grievances. His repeated requests for his medications were dismissed as an attempt to "get more dope," even though, from August 21, 2005 to November 8, 2005, the jail physician, Dr. Hale, noted on six separate occasions that plaintiff needed to see a urologist. The doctor's orders were ignored and the jail officials refused to arrange to transport plaintiff to see a urologist, though this was a medical necessity. The jail officials knew plaintiff's past medical history and propensity to experience renal stones because, during a previous incarceration in April to June of 2005, plaintiff had filed ten requests for medical care, complaining of kidney stones.

Also, between November 2005 and March 2006, plaintiff had further kidney stone episodes while he was housed in the jail work-release center. There too, he filed numerous grievances, none of which were answered by the officers. Indeed, one officer, Jake Webb, advised plaintiff to "tough it out." Furthermore, though it is illegal in the State of Tennessee for a non-licensed person to dispense prescription medications, it is common practice in the jail for officers to do so and they did so in plaintiff's case. On March 6, 2006, plaintiff was transferred to a state prison, where he was placed on medications. However, as a result of the conduct of the Cocke

County defendants, plaintiff has endured and continues to endure multiple infections, burning urination and excruciating pain.

Plaintiff asserts that the actions described above violated the Eighth Amendment by subjecting him to cruel and unusual treatment. At the same time, the actions also violated state law. Regrettably for plaintiff, there are several problems with his complaint which call for its dismissal.

1) **Statute of Limitations**.

The first problem is one that plaintiff implicitly recognizes—timeliness of the lawsuit. (Compl., p. 13, ¶ 5, moving that his § 1983 pleading be accepted as timely). Because section 1983 does not contain a statute of limitations, the Court must look to the limitations period which applies to the closest state analogue to a § 1983 action. *Wilson v. Garcia*, 471 U.S. 261, 268, 276-279 (1985), *superceded by statute on other grounds as recognized in Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. 369, 379-80 (2004). The applicable statute of limitations, which controls a civil rights action for damages in Tennessee (the closest state analogue to a § 1983 case), is one (1) year after the claims accrue. Tenn. Code. Ann. § 28-3-104(a)(3). The claims accrue and the statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

According to his pleading, plaintiff was aware of his kidney condition when his confinement began on August 21, 2005. And, on that date, he also would have known of his injury, since he told the jailers that he was experiencing bleeding and severe back pain from an active kidney stone and since his medications were taken from him. The first alleged wrongful act occurred on August 21, 2005, when plaintiff's medications were appropriated and his complaints about bleeding and pain were ignored by jailers. The last event complained of happened on March 6, 2006, when plaintiff had further kidney stone episodes and his grievances went unanswered.

The complaint was filed, under the "mailbox rule," on January 26, 2007.[2] Any alleged violations occurring more than one year prior to this date are time-barred. This means that the claims of unconstitutional conduct occurring from August 21, 2005 to January 26, 2006 are untimely and due to be dismissed.

2) **Conclusory Contentions**.

The incidents complained of which escape that time-bar are those which purportedly happened from January 26, 2006 to March 6, 2006. Plaintiff maintains that, during that 40-day period, he was housed in the jail's work-release center, that

---

[2] Under the "mailbox rule," a *pro se* prisoner's complaint is deemed filed on the date it is handed to prison officials for mailing to the court. *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). The envelope which contained the complaint bears a stamp showing that it was received in the prison mail room on January 26, 2007.

he had problems with kidney stones, that he filed numerous grievances (though he does not mention the subject matter of the grievance), and that the jail officials did not respond to those grievances. However, he does not indicate that he requested medical care during that period or, if such a request was made, he does not identify the person who denied him care. Nor does he specify the date of the denial. Allegations which lack the necessary factual support are conclusory. A court is not required to conjure up facts not pled to support conclusory allegations. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Conclusory contentions such as these do not state a claim for relief. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987).

3) **Problems with Named Defendants**.

There are certain difficulties with the "persons" listed as defendants. One of those defendants, the Cocke County Sheriff's Department, is a non-suable entity and, hence, is not a "person" subject to liability under 42 U.S.C. § 1983. *Brock v. Warren County*, Tenn., 713 F.Supp 238 (E.D. Tenn. 1989). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978) (For purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate."). Another defendant is D. C. Ramsey, the [now former] Sheriff of Cocke County. Defendant Ramsey, unlike the Sheriff's Department itself, *is* a person within the terms of § 1983 and,

5

therefore, can be sued. However, this does not help plaintiff because he has offered no allegations of fact to tie this defendant to any alleged wrongdoing. Without such an allegation, plaintiff has failed to state a claim against this defendant.

Moreover, if plaintiff had connected this defendant with any alleged improper conduct, a suit against a sheriff for actions taken pursuant to his role as a county official is treated as a suit against the county itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Cocke County, however, cannot be held liable for the acts of its employees under a theory of respondeat superior. *Monell*, 426 U.S. at 691. To prevail in a claim against the former sheriff in his official capacity, plaintiff must establish that a policy, custom, or practice of Cocke County has resulted in the deprivation of his constitutionally-protected rights. *Id.* at 690-91. Because plaintiff has not alleged that the denial of medical care resulted from a policy, custom, or practice of Cocke County, he has failed to state a claim against this defendant in his official capacity.[3]

---

[3] Plaintiff has not specified the capacity in which he is suing defendant Ramsey and he has not explicitly asked for damages. Also, nothing which has occurred during the course of these proceedings indicates that he is seeking to hold this defendant personally liable for the alleged constitutional violations or that defendant has otherwise received notice of the potential for individual liability. Thus, the Court assumes that plaintiff is asserting official capacity claims against this defendant. *Moore v. City of Harriman*, 272 F.3d 769, 772-73 (6th Cir. 2001).

The remaining defendants, John Doe and Jane Doe, have not been further identified during the pendency of this lawsuit. Nor has plaintiff made any allegations specific to these particular defendants. Hence, plaintiff likewise has failed to state a claim against the Doe defendants.

4) **Requested Remedies**.

In the relief portion of the complaint, plaintiff asks that he be granted a hearing to present proof, be allowed to proceed *in forma pauperis*, be appointed counsel (if a hearing is granted), be allowed to amend his pleading as more discovery becomes available, and have his complaint accepted as timely. First of all, a hearing need not be held when the only purpose is to offer proof of claims which have been found untimely or conclusory. Secondly, plaintiff's request to proceed *in forma pauperis* in this matter was granted some time ago. Third, discovery procedures have been rendered superfluous by the Court's findings that the claims presented are time-barred, conclusory, or, in any event, not viable. And fourth, this action is considered timely, though most of the claims which comprise the lawsuit are themselves untimely.

Furthermore, to the extent that this *pro se* former prisoner's complaint should be read liberally as implicitly asking for damages (since there is no express request for monetary relief), this remedy would be unavailable with respect to most

7

of the claims because, once again, they are time-barred. Nor could plaintiff obtain injunctive or declaratory relief, even if such relief were sought, as to the timely claims. Plaintiff was imprisoned in a state facility when he filed the case, but he has since been released from confinement. [Doc. 5, Notice of Change of Address]. These events are important because they signify that any issues concerning declaratory or injunctive relief with respect to the conditions at the Cocke County jail were already moot when the suit was filed or were rendered moot by plaintiff's release from imprisonment. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996).

For all these reasons, the complaint will be dismissed *sua sponte* by separate order.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE